# Wooten *et al. v.* Hecker, Register &c.

### *Proceedings in Chancery Court to Tax Costs.*

1. *Appeal; effect of decree rendered in Supreme Court; subsequent proceedings as to costs.*—Where, from a decree of the chanery court an appeal is taken, and the Supreme Court reverses the decree of the chancellor and renders a decree dismissing the appeal and directing that the complainants pay all the costs, such appeal and final disposition of the suit does not take away from the chancery court jurisdiction to subsequently entertain a petition of the register setting out that the execution for costs against the complainants has been returned no property found, and asking for an order directing that the defendants be taxed with the costs incurred by them in said suit, in accordance with Rule 111 of Chancery Practice, (Code, p. 1227); and it is not error for the chancery court to grant the order as prayed for in such petition.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. THOS. H. SMITH.

The appeal in this case is prosecuted from a decree rendered by the chancellor upon a petition filed by the appellee, John E. Hecker, as register in chancery of Marengo county, in which he prayed the chancellor to decree that the appellants be required to pay such portion of the costs in said suit that was then pending in the chancery court which were incurred at their instance. The facts of the case, necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

[Wooten *et al.* v. Hecker, Register, etc.]

WILLIAM CUNNINGHAME, for appellants.—Where an appeal has been perfected, the jurisdiction of the appellate court over the subject matter and the parties attaches, and the trial court has no power to render any further decision affecting the rights of the parties in the cause until it is remanded.—2 Plead. & Prac., 327; *Ib.*, 323 and note 6; *So. Ry. Co. v. B., S. & N. O. Ry. Co.*, 29 Sou. Rep., 191; *Allen v. Allen*, 80 Ala. 154; *Ex parte Hood*, 107 Ala. 520; *Hilliard v. Brown*, 103 Ala. 318.

CANTERBURY & GILDER, *contra*, cited Code, § 456; Rule 111, Chancery Practice, page 1227.

SHARPE, J.—Robins, Fry & Company sued the appellants and obtained a decree against them in the chancery court. The Supreme Court reversed that decree and rendered a decree dismissing the bill of Robins, Fry & Company and directing that they pay all costs. Execution was by the register in chancery issued against them and was returned "no property." Thereafter on the register's petition and proceedings had in accordance with Rule 111 of Chancery Practice (Code, p. 1227); the chancery court made an order directing that the appellants be taxed with all the costs incurred by them and at their instance in the suit mentioned. That order is now presented for review; and its propriety is questioned only by the appellants' contention that the appeal in, and the final disposition made of, the original suit left the chancery court without jurisdiction to make the order. We do not agree with that contention. The proceeding wherein the order in question was made though incidental to the original suit was distinct therefrom in so far as any rights or equities involved in the original suit were concerned. It involved merely the liability of appellants for service rendered at their instance. The jurisdiction to enforce that liability in the manner pursued by the chancery court was given by the rule of practice which being adopted by statute has the force and effect of a statute. The chancery court did not err in the exercise of that jurisdiction, and its order will be affirmed.